**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-14013-CIV-MIDDLEBROOKS/MAYNARD**

**PIN-PON CORPORATION,**

    Plaintiff,

v.

**LANDMARK AMERICAN INSURANCE COMPANY,**

    Defendant.

_____/

**ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER (DE 121)**

**THIS CAUSE** comes before this Court upon an Order of Reference (DE 77) and the above Motion.  Defendant seeks a protective order as to the Rule 30(b)(6) deposition of its corporate representative happening this Monday, March 1, 2021, precluding inquiry into a variety of subject areas that Defendant claims are irrelevant, privileged, or otherwise undiscoverable.  For the following reasons, Defendant's Motion is **DENIED.**

First, the Motion fails to comply with both this Court's Discovery Procedures Order limiting motions to five pages in length, DE 78 at 2, and this District's Local Rule requiring typewritten motions to have "not less than one and one-half (1 1/2) spaces between lines," S.D. Fla. Local Rule 5.1(a)(4).  Second, Defendant raises these issues one business day before the date of the deposition, effectively depriving opposing counsel of meaningful time to respond to the Motion.  Such gamesmanship will not be tolerated, especially when this deposition was discussed with the Court at a lengthy discovery conference a week ago, on February 18, 2021 (DE 100), and Defendant raised no concern over the content of the deposition notice at that time.  Lastly, Defendant may raise appropriate objections, if any, during the deposition in accordance with

Federal Rule of Civil Procedure 30. As stated in that Rule, however, after the objection is noted on the record "the examination still proceeds; the testimony is taken subject to any objection" and "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege." Fed. R. Civ. P 30(c)(2). The Court expects both parties to comply with the discovery rules expeditiously and in good faith. The parties are advised that if information is withheld during the upcoming depositions based on privilege or for any other reason without a substantially justified basis for doing so, the undersigned will order payment of expenses and sanctions as appropriate under Federal Rule of Civil Procedure 37.

The parties have advised the undersigned that they litigated this matter in state court for sixteen years. The same will not be true here. Counsel are repeatedly raising issues to the Court that they should be able to agree upon among themselves, such as dates for depositions. In addition, on February 4, 2021, the undersigned ordered Defendant to produce "all information" responsive to Plaintiff's First Request for Production by February 11, 2021. DE 81. The first of such Requests sought, in part, Defendant's "entire claims and investigation file(s) for the subject claim." DE 65-2 at 4. Without explanation or justification for doing so, Defendant provided only a partial production of the claim file, neglecting to provide *three years*' worth of information. *See* DE 103, 112. Instead of filing last-minute, generalized discovery motions, the parties should focus on complying with the discovery rules and the undersigned's Orders, making full disclosures of responsive information, and meeting the deadlines set by the District Court.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Protective Order (DE 121) is **DENIED**.

3

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 25th day of February, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE